UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONALD L. GREEN, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   No. 97-3132 |
| | ) |
| NEDRA CHANDLER, Warden of | ) |
| Dixon Correctional Center, | ) |
| | ) |
|    Respondent. | ) |

## ORDER

RICHARD MILLS, U.S. District Judge:

This cause is before the Court on Petitioner's Motion to Reinstate § 2254 Petition.

## FACTS

Petitioner filed a second post-conviction petition for relief in Illinois state court on April 21, 1997. The next day he mailed a 28 U.S.C. § 2254 petition for habeas corpus to this Court. The Court dismissed Petitioner's petition on March 30, 1998, because Petitioner had not exhausted all available state court remedies. The dismissal was without

1

prejudice and it gave Petitioner 60 days from the date his second post-conviction was resolved by the Illinois state court to re-file his § 2254.

In January 2004, the Illinois state trial court dismissed Petitioner's second post-conviction petition. Petitioner appealed. While awaiting the result of his appeal, he filed the instant Motion to Reinstate § 2254 Petition. During the pendency of that motion, the Illinois appellate court denied Petitioner's appeal. Petitioner timely filed a Petition for Leave to Appeal ("PLA") with the Illinois Supreme Court. According to that court's clerk's office, which this Court contacted by telephone on January 31, 2006, Petitioner's PLA will be decided by late March or early April 2006.

## ANALYSIS

Petitioner asserts that while his state court remedies have not been exhausted, the Court should nevertheless consider his 28 U.S.C. § 2254 habeas petition because of the inordinate delay in the state court's resolution of his claims.

Although inordinate delay can be a basis for expediting a § 2254

petition under <u>Lane v. Richards</u>, 957 F.2d 363 (7th Cir. 1992), it is unnecessary to do so here. The Clerk's Office for the Illinois Supreme Court has informed this Court via telephone that Petitioner's PLA is to be resolved by the end of March or the beginning of April. With the exhaustion of Petitioner's state court remedies so near, a decision on the merits of Petitioner's "inordinate delay" argument would be ill-advised. The better course is to wait for a decision on the PLA.

<u>Ergo</u>, Petitioner's Motion to Reinstate § 2254 Petition (d/e 57) is DENIED. If Petitioner wishes to re-file his § 2254 petition, he must do so within 60 days of the date his second post-conviction litigation is resolved by the Illinois state courts.

IT IS SO ORDERED.

ENTER: February 1, 2006

FOR THE COURT:

s/ Richard Mills
United States District Judge