IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONALD L. GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 97-3132 |
| ) | |
| KEVIN GILSON, Acting Warden, ) | |
| Illinois River Correctional Center,[1] ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Petitioner Donald L. Green ("Green") seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The habeas petition is denied.

### I.  BACKGROUND

A Sangamon County, Illinois, jury found Green guilty of the first degree murder and aggravated criminal sexual assault of his six-month-old

---

[1]Kevin Gilson, the current Acting Warden of the Illinois River Correctional Center, is substituted for Andy Ott pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

daughter, Lynn Allen. He was sentenced to 50 years for the murder and 25 years for the assault, with the terms to run concurrently. The Illinois Appellate Court summarized the factual background as follows:

> Lynn Allen and her mother, Marilyn Allen, were living with defendant on February 14, 1988. On that date, Marilyn left their apartment to run some errands, and defendant was to look after Lynn. Sometime later, defendant ran across the hallway to the apartment of Marilyn's aunt, Sharon Floyd. Defendant was carrying the baby, who was limp, unconscious, and not breathing. While Floyd attempted CPR, defendant called 911.
>
> Upon arrival at the hospital, Lynn was comatose and not breathing on her own. A nurse noticed several bruises on Lynn's face and chest, fresh blood in her diaper, swelling around the perineum, and a vaginal laceration. Despite attempts to save her, Lynn died the next day.
>
> The focus of defendant's trial was determining who and what caused Lynn's death. During trial, several medical experts

testified as to the possible causes of her injuries. Defendant provided numerous, conflicting explanations. He told Floyd that he and the baby were playing on the floor and that the baby had fallen over and hit her head. He told a nurse that he went to wake Lynn and found her gasping for air, shaking, lethargic, with 'white stuff' coming out of her mouth. The next day, he told the same nurse that he was carrying Lynn to the bathroom when she hit her head against the bathroom door and the bathroom mirror. He also told the nurse that when he was carrying her back to the bedroom, he tripped over a toy, and she flew out of his arms onto the bed. Defendant told police investigators that he had found blood in her diaper and that he shook the child. Last, defendant told Terry Buchanan, a fellow inmate in the Sangamon County jail, that he had molested and killed the baby.

*People v. Green*, No. 4-89-0545 (Ill. App. Ct. Oct. 11, 1990) (unpublished).

On direct appeal, Green argued that the trial court (1) improperly

excluded testimony of his low intelligence, (2) improperly included the testimony of a pathologist regarding the bruising of the baby, (3) failed to instruct the jury on reckless conduct, (4) erred by denying a motion to exclude rebuttal witnesses, and (5) abused its sentencing discretion. The appellate court rejected these arguments and affirmed the conviction. *People v. Green*, No. 4-89-0545, 202 Ill. App. 3d 1115, 171 Ill. Dec. 358, 593 N.E.2d 1178 (Ill. App. Ct. Oct. 11, 1990) (unpublished). Green then filed a petition for leave to appeal ("PLA"), asserting the same claims with the exception of the challenge to the pathologist's testimony. The PLA was denied. *People v. Green*, 136 Ill.2d 548, 153 Ill. Dec. 378, 567 N.E.2d 336 (1991).

In 1991, Green filed *pro se* post-conviction petitions. An amended petition was filed in 2004 by appointed counsel. On July 21, 1994, the circuit court dismissed the petition after argument. Although the post-conviction petition had raised a plethora of claims, only one issue was argued on appeal: that the trial court erred in refusing to hold a hearing on Green's ineffective assistance claim based on his trial counsel's failure to

investigate and call two witnesses. Rather than address the merits, the appellate court affirmed on the ground that Green had failed to support his claims about the witnesses' testimony with affidavits. *People v. Green*, No. 4-94-0674, 279 Ill. App. 3d 1115, 233 Ill. Dec. 723, 701 N.E.2d 573 (Ill. App. Ct. May 30, 1996) (unpublished). Green's PLA again raised only this one claim. It was denied. *People v. Green*, 168 Ill.2d 607, 219 Ill. Dec. 570, 671 N.E.2d 737 (1996).

    Finally, on April 24, 1997, Green filed a second petition for post-conviction relief. The circuit court summarily dismissed the petition, but the appellate court reversed. On remand, counsel was appointed and an amended second petition was filed. In this petition, Green argued that (1) the state lied to the jury about Terry Buchanan not having a leniency deal, (2) trial counsel was ineffective for failing to object to testimony about his somniloquy, and (3) his appellate counsel was ineffective for failing to raise either of these two issues. The circuit court dismissed the petition. The appellate court affirmed, finding that Green's claims were procedurally defaulted. *People v. Green*, No. 4-04-0125. Green's PLA was denied. *People*

5

*v. Green*, 218 Ill.2d 548, 303 Ill. Dec. 5, 850 N.E.2d 810 (2006).

On July 25, 1997, Green filed a habeas petition with this Court.[2]

## II.  ANALYSIS

To merit habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner must show that the state court's determination "(1) was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determinated by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Carlson v. Jess*, 526 F.3d 1018, 1023 (7th Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

Green alleges a multitude of claims that he believes meet AEDPA's demanding standards: (1) improper exclusion of psychologist's testimony, (2) improper inclusion of pathologist's testimony, (3) failure to instruct the jury on reckless conduct, (4) abuse of trial court's discretion in denying motion to exclude witnesses based solely on timeliness of motion, (5)

---

[2]The petition was initially dismissed without prejudice [d/e 46, 47], but was later reinstated.

ineffective assistance of trial counsel based on (a) failure to investigate two witnesses and (b) failure to object to Buchanan's testimony about statements Green made in his sleep, (6) government suborning of perjury from Buchanan, (7) a Sixth Amendment right to counsel violation under *Massiah,* and (8) post-conviction counsel's conflict of interest. The State argues that all of Green's claims are procedurally defaulted or based on violations of state law that cannot be remedied by federal habeas relief.

### A.  Procedural Default

A procedural default prevents a federal habeas petitioner from presenting his claims to the federal court absent cause and prejudice for the default or a demonstration that a fundamental miscarriage of justice would otherwise result. *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008). Two types of procedural default are implicated in this case. First, the State argues that Green failed to present his claims through a complete round of review in the state courts. Second, the State also claims that a number of Green's claims are procedurally barred based on the application of independent and adequate state rules.

### 1. Failure to Present Claims to State Courts

"'A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim.'" *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). In this case, a number of claims were not presented for an entire round of review in the state courts. First, Green's claim that the testimony of a pathologist should have been excluded was raised before the circuit court and the appellate court, but was omitted from his PLA to the Illinois Supreme Court. Second, Green failed to present the claim that his post-conviction counsel had a conflict-of-interest to any court other than the circuit court. Third, the ineffective assistance claim based on a lack of objection to testimony about Green's somniloquy was presented to the circuit court and the state supreme court but not the appellate court. Fourth, the Sixth Amendment violation based on *Massiah* was never presented to the appellate court. Therefore, all of these claims are procedurally defaulted.

8

## 2.    Adequate and Independent State Law Grounds

"A procedural default also occurs when a state court disposes of a claim on an independent and adequate state law ground." *Johnson*, 518 F.3d at 455-56 (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)). The State argues that two of Green's claims were disposed of on such grounds.

First, the Illinois Appellate Court expressly declined to address the merits of Green's claim that his counsel provided ineffective assistance by failing to investigate and call certain witnesses.[3] The court noted that Green failed to attach any affidavits from the witnesses as required under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq*. *People*

---

[3]Green argues that the appellate court did not "clearly and expressly" rely on a procedural rule. However, the appellate court could not have been more clear: "[T]he state argues that the trial court did not err because (1) defendant has waived this allegation . . . , (2) defendant's claims about the testimony of these witnesses is not supported by their affidavits; and (3) no evidentiary hearing need be held when defendant's claim, as here, is without merit. *Because we agree with the State's second argument, we need not consider the first and third arguments. . . .*" *People v. Green*, No. 4-94-0674, 279 Ill. App. 3d 1115, 233 Ill. Dec. 723, 701 N.E.2d 573 (Ill. App. Ct. May 30, 1996) (unpublished) (emphasis added).

*v. Green*, No. 4-94-0674, 279 Ill. App. 3d 1115, 233 Ill. Dec. 723, 701 N.E.2d 573; *see* 725 ILCS 5/122-2 ("[P]etition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."). Since Green's petition was dismissed for non-compliance with this rule, his claim is procedurally defaulted.[4] *See United States ex rel. Edwards v. Sternes*, 2005 WL 3447773, *3 (N.D. Ill. Dec. 13, 2005) ("Because the Illinois state courts made it clear that 725 ILCS 5/122-2 was the sole basis for their dismissal of this claim, we find that [petitioner's] failure to comply with 725 ILCS 5/122-2 constitutes a procedural default.") *See also United States ex rel. Hampton v. Leibach*, 347

---

[4]The appellate court noted "in passing" that Green's counsel was provided excellent service by bringing this information in front of the jury even without those witnesses. *People v. Green*, No. 4-94-0674, 279 Ill. App. 3d 1115, 233 Ill. Dec. 723, 701 N.E.2d 573 (Ill. App. Ct. May 30, 1996) (unpublished). Even assuming that this brief tangent could, as Green argues, be considered a ruling on the merits, the procedural default still remains controlling because the appellate court expressly relied on that ground. *See Moore v. Bryant*, 295 F.3d 771, 774-75 (7th Cir. 2002) ("A state court may reach the merits of a federal claim in an alternative holding; if it does so explicitly, then the independent and adequate state ground doctrine 'curtails reconsideration of the federal issue on federal habeas.'" *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002) (quoting *Harris v. Reed*, 489 U.S. 255, 264 n.10, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989)).

F.3d 219, 242 (7th Cir. 2003) (suggesting the same, but finding no actual reliance on the rule).

Second, Green's claim that the State suborned perjury is also barred by adequate and independent state law grounds. Green first raised this claim in his second post-conviction petition. The Illinois Appellate Court, the last court to address the issue, refused to consider Green's claim because he had failed to meet the standards set out in 725 ILCS 5/122-1(f). As such, the claim is procedurally defaulted.

### 3.    Avoiding Default

"A procedural default will bar a federal court from granting relief on a habeas claim *unless* the petitioner demonstrates cause for the default and prejudice resulting therefrom, or, alternatively, he convinces the court that a miscarriage of justice would result if his claim were not entertained on the merits." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citations omitted). Obliquely suggesting his innocence, Green alleges a miscarriage of justice. To meet this exception, however, Green must demonstrate that "no reasonable juror would have found him guilty but for the error(s)

11

allegedly committed by the state court." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327-29, 115 S. Ct. 851, 130 L. Ed. 808 (1995)).

"To demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence . . . ." *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005). This lofty standard is beyond Green's reach. None of the evidence presented at Green's trial, including his protean narratives, suggest that an innocent man was convicted. *See Badelle v. Correll*, 452 F.3d 648 (7th Cir. 2006). The filings before this Court do not alter this conclusion. Therefore, the procedural bar stands.

### B.     Non-Cognizable Claims

The State also challenges Green's three remaining claims as involving matters of state law only.[3] "[E]rrors of state law in and of themselves are not cognizable on habeas review." *Perruquet*, 390 F.3d at 511 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)).

---

[3]The same challenge is made to Green's claims regarding the inclusion of the pathologist's testimony and his post-conviction counsel's alleged conflict of interest. However, since those claims were procedurally defaulted, they are not discussed here.

Thus, "a state trial court's decision not to admit evidence and its refusal to give a particular jury instruction generally do not implicate federal constitutional rights." *Id.* at 510 (citations omitted). "Rather, habeas relief is appropriate only if the erroneous [state law] rulings were 'so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial.'" *Andersen v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001) (quoting *Howard v. O'Sullivan*, 185 F.3d 721, 723-24 (7th Cir. 1999). Such a standard is prohibitively high, requiring that "the error must have produced a significant likelihood that an innocent person has been convicted." *Id.* (quoting *Howard*, 185 F.3d at 723-24). Further, in applying this standard, "'courts must be careful not to magnify the significance of errors which had little importance in the trial setting.'" *Id.* at 1053 (quoting *Alvarez v. Boyd*, 225 F.3d 820, 825 (7th Cir. 2000)). Therefore, this Court must ask whether any of the errors alleged by Green deprived him of a fundamentally fair trial.

First, Green claims that the trial court erred in refusing to admit expert testimony that Green's low intelligence precluded him from

13

understanding *Miranda* warnings. Though conceding that *Miranda* warnings were unnecessary, Green wishes to use the low IQ evidence for another purpose: suggesting that his statements to the police were not knowing and voluntary. Green, however, is not seeking to attack an involuntary confession but one of his numerous reiterations of the "accidental death" story. As such, he has failed to explain how his fundamental trial rights were undermined.

Second, no due process violation resulted from the circuit court's refusal to exclude certain witnesses from rebuttal. Green alleges error since the two witnesses were allowed to listen to each other's testimony and thereby make consistent statements. However, the state appellate court pointed out that only one "consistency" emerged: that a particular photo disclosed no signs of infection. Green highlights no others. Given the triviality of this overlap, this Court concurs in the state appellate court's assessment: "this record is devoid of any hint of possible prejudice to defendant as a result of [the challenged] ruling." *People v. Green*, No. 4-89-0545, 202 Ill. App. 3d 1115, 171 Ill. Dec. 358, 593 N.E.2d 1178 (Ill. App.

14

Ct. Oct. 11, 1990) (unpublished).

Finally, Green claims that the trial court's refusal to instruct the jury on the lesser included offense of "reckless conduct" deprived him of a fundamentally fair trial. While this Circuit previously asked whether the failure to instruct on a lesser included offense constituted a fundamental miscarriage of justice, *Reeves v. Battles*, 272 F.3d 918, 920 (7th Cir. 2001), AEDPA has changed the equation, *Calloway v. Montgomery*, 512 F.3d 940, 944 (7th Cir. 2008). As the Seventh Circuit recently recognized, no Supreme Court precedent establishes a constitutional right to such an instruction in a non-capital case. *Calloway*, 512 F.3d at 944; *see Beck v. Alabama*, 447 U.S. 625, 638 n.14, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980) ("We need not and do not decide whether the Due Process Clause would require the giving of such instructions in a noncapital case."). As such, this claim must fail.

### III.  CONCLUSION

Ergo, Green's petition for habeas relief is DENIED.

3:97-cv-03132-RM    # 90    Page 16 of 16


IT IS SO ORDERED.

ENTERED:                                     July 16, 2008

FOR THE COURT:                               /s Judge Richard Mills
                                             United States District Judge